# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DIVISION OF TEXAS
## BEAUMONT DIVISION

———————

No. 1:11-CR-11(2)

———————

United States of America

v.

John Wesley Batiste, Jr.

Defendant

———————————

### Report and Recommendation Re:
### Defendant's Competency to Stand Trial

———————————————

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On March 8, 2011, the court ordered a psychiatric or psychological exam to determine if defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Docket No. 44) Defendant subsequently received an evaluation by Dr. Jeremiah Dwyer, Psy.D., forensic psychologist, at the Federal Detention

Center in Englewood, Colorado. On June 13, 2011, a copy of the forensic psychological report was returned by the complex warden.

The psychiatric report concludes that, in the opinion of Dr. Dwyer, defendant is mentally competent to stand trial. The report indicates "there is no objective evidence to indicate Mr. Batiste suffers from signs or symptoms of a major mental health disorder, such as an affective disorder (e.g., bipolar disorder), or a psychotic disorder (e.g. Schizophrenia). He does appear to suffer from cognitive limitations." (Docket No. 70). Although these intellectual deficits do not impair his present functional ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense, Dr. Dwyer recommended alleviating these deficits in cognitive skills through the following accommodations:

1.  Allowing more frequent breaks during legal proceeds to provide additional opportunities for counsel to discuss new information and developments in the case with Mr. Batiste;

2.  Counsel should consider checking in with Mr. Batiste to make sure he is assimilating new information presented during his legal proceedings;

3.  Counsel should consider briefing and debriefing Mr. Batiste at key points in the process (before proceedings, explaining what is about to happen, and after proceedings, ensuring he understood what just happened);

4.  Counsel should consider summarizing key events in writing to allow Mr. Batiste to refer back to them as needed to compensate for the possibility of forgetting( even if it requires the aid of another);

5.  Slowing down proceedings, repeating information as needed, allowing Mr. Batiste to ask questions, allowing ample time for him to respond to questions; and

6.  Ensuring Mr. Batiste remembers any legal agreement he is entering by having him recite basic components of the agreement from memory.

(Id.).

A competency hearing was conducted on July 5, 2011. At the hearing, defendant appeared in court with counsel, Cornelius Darius Williams , Jr , Esq. The court admitted into evidence the psychological report detailing the results and findings. Counsel for the government, counsel for defendant, and defendant indicated no objections to the competency findings in the report.

The undersigned therefore concludes that defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Defendant has a rational and factual understanding of the proceeding against him, and he has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

## RECOMMENDATION

The court should find defendant competent to stand trial because he understands the proceeding against him and has the ability to assist his attorney under Title 18 U.S.C. § 4241. However, the court should also consider the accommodations enumerated above as suggested by Dr. Dwyer to address defendant's deficits in cognitive skills.

## OBJECTIONS

Title 28 U.S.C. § 636 normally gives parties fourteen (14) days to object to recommendations submitted by magistrate judges. However, as the parties have agreed that defendant is competent, and this report recommends that defendant

be found competent, the court may act on the report and recommendation immediately.

      SIGNED this __6__ day of July, 2011.

_Earl S. Hines_
Earl S. Hines
United States Magistrate Judge